IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |   |
|---|---|---|---|
| 1. | ROY ADAMS | : | CIVIL ACTION |
| 2. | CARL ANDRZIESKI | : |   |
| 3. | MICHAEL ARROYO | : |   |
| 4. | MARCIA AUGE | : |   |
| 5. | DAVID BALOGA | : |   |
| 6. | CLAUDIA BATISTA | : |   |
| 7. | LEE BAUSHER | : |   |
| 8. | BRYAN BECKER | : |   |
| 9. | VINCENT BELLINGER | : |   |
| 10. | LUCILLE BELTZ | : |   |
| 11. | LAWRENCE BENDETTI | : |   |
| 12. | KERMIT BERGER | : |   |
| 13. | ROBERT BICKTA | : |   |
| 14. | JOEL BLANKENBILLER | : |   |
| 15. | SHARON BLIMLINE | : |   |
| 16. | WESLEY BONN | : |   |
| 17. | JAMES BORIS | : |   |
| 18. | JOSEPH BOSACK | : |   |
| 19. | MARLON BOWEN | : |   |
| 20. | GARY BOYER | : |   |
| 21. | LEO BRETON | : |   |
| 22. | LEANNE BRIGLE | : |   |
| 23. | KERRY BRUMBECH | : |   |
| 24. | GARY BUCHER | : |   |
| 25. | MIKE BUCHER | : |   |
| 26. | CHRISTINE BUTLER | : |   |
| 27. | DANIEL CAFONCELLI | : |   |
| 28. | STEVE CAPOZELLO | : |   |
| 29. | RICHARD CAVANNA | : |   |
| 30. | JANICE CIESLA | : |   |
| 31. | GREGORY CLARKE | : |   |
| 32. | BRENDA CONRAD | : |   |
| 33. | GEORGE COOK | : |   |
| 34. | BIANCA CORDOVA | : | CASE NO: |
| 35. | TERRY DAVIS | : |   |
| 36. | GREGORY DRIES | : |   |
| 37. | MARC DRIES | : |   |
| 38. | DAVID DRY | : |   |
| 39. | LARRY DUNKLE | : |   |
| 40. | TODD EVANGELISTA | : |   |
| 41. | CHRISTOPHER FEIST | : |   |
| 42. | STEVE FENSTERMACHER | : |   |
| 43. | MENNIE FLANNERY | : |   |
| 44. | SARAH FOSTER | : |   |

| | | |
|---|---|---|
| 45. | JAMES FRANK | : |
| 46. | RICHARD FREY | : |
| 47. | DIANE FURILLO | : |
| 48. | JOHN GAENZLE | : |
| 49. | ANDREW GELSINGER | : |
| 50. | EDWARD GENSEMER | : |
| 51. | MITCH GIVEN | : |
| 52. | JOANNE GRAEFF | : |
| 53. | DANIEL GRECO | : |
| 54. | GARY GRIM | : |
| 55. | JOHN HASS | : |
| 56. | ROGER HECKMAN | : |
| 57. | JUAN HERRERA | : |
| 58. | RICHARD HETLINGER | : |
| 59. | MICHELE HEYDT | : |
| 60. | KEVIN HEYDT | : |
| 61. | CHRIS HEYDT | : |
| 62. | RICHARD HIDALGO JR. | : |
| 63. | LINDA HOFFMAN | : |
| 64. | JOSEPH HOHMAN | : |
| 65. | RICHARD KENNEDY | : |
| 66. | JEROME KERN | : |
| 67. | KENNETH KESSOCK | : |
| 68. | HARVEY KIMBLE | : |
| 69. | ROY KLINE | : |
| 70. | RAYMOND KNOLL | : |
| 71. | STEPHEN KOBRYN | : |
| 72. | TIMOTHY KOCH | : |
| 73. | JOSEPH KONNICK | : |
| 74. | FRANCES KONOPELSKI | : |
| 75. | THOMAS KRICK JR. | : |
| 76. | JAMES KROTUISKI | : |
| 77. | CHRIS KULPCAVAGE | : |
| 78. | GEORGE KUROWSKI | : |
| 79. | WILLIAM LAUDEMAN JR. | : |
| 80. | STEPHEN LIGHTNER | : |
| 81. | WILLIAM LODEK | : |
| 82. | CARL LONG | : |
| 83. | THOMAS MAMMANO | : |
| 84. | JORDAN MARSHALL | : |
| 85. | BLAINE MARTIN | : |
| 86. | MARIO MARTINEZ-JIMENEZ | : |
| 87. | RICHARD MCDONOUGH | : |
| 88. | GERARD MCGLINSEY | : |
| 89. | ROBERT MCLEAN II | : |
| 90. | TIM MCMICHAEL | : |
| 91. | LUCAS MCMINN | : |
| 92. | JOLYN MEGONIGAL | : |
| 93. | WILLIAM MELRAN JR. | : |

| | | |
|---|---|---|
| 94. | WAYNE MILLER | : |
| 95. | CRAIG MILLER | : |
| 96. | CHARLES MILLER III | : |
| 97. | GARY MONSHOWER | : |
| 98. | JAMES MOYER | : |
| 99. | JUAN MUNOZ | : |
| 100. | BONNIE NALLY | : |
| 101. | STEVEN NELSON | : |
| 102. | CHERYL NEWTOWN | : |
| 103. | AARON O'BRIEN | : |
| 104. | MICHAEL OETTING | : |
| 105. | JOHN PELKER | : |
| 106. | PAT POTUTO | : |
| 107. | RICHARD POWER | : |
| 108. | PAUL PURCELL | : |
| 109. | METILDA RADZIEWICZ | : |
| 110. | FRED RANALLI JR. | : |
| 111. | JAMES REAM SR. | : |
| 112. | JOSHUA REAM | : |
| 113. | CRAIG REIFSNYDER | : |
| 114. | ROBIN RHEIN | : |
| 115. | KENNETH RHOADS | : |
| 116. | DANIEL ROSARIO | : |
| 117. | ERIKA ROSHONG | : |
| 118. | MICHELE SCHAEFFER | : |
| 119. | KEITH SCHLAPPICH | : |
| 120. | JAMES SCHLOUCH | : |
| 121. | FERN SHADE | : |
| 122. | DONNA SHOEMAKER | : |
| 123. | DONNA SHOEMAKER | : |
| 124. | CRAIG SHOWALTER | : |
| 125. | SCOTT SMITH | : |
| 126. | GREG SMITH | : |
| 127. | BRADLEY SNYDER | : |
| 128. | PATRICIA SOHON | : |
| 129. | DAVID SOROKO | : |
| 130. | JON STEIGER | : |
| 131. | SUSAN STERNER | : |
| 132. | MARK SWARMER | : |
| 133. | MICKY TALLENT | : |
| 134. | JASON TAYLOR | : |
| 135. | ROBYNN THOMAS | : |
| 136. | DAVID THORNBURG | : |
| 137. | GARY TICE | : |
| 138. | RONALD TIDERMAN | : |
| 139. | DOMINIC TUMMINELLO | : |
| 140. | MICHAEL UCZYNSKI | : |
| 141. | JOSEPH UMBENHAUR | : |
| 142. | SHARON UNGER | : |

| | | |
|---|---|---|
| 143. | SALLY URBAN | : |
| 144. | DAVE VEGA | : |
| 145. | JORGE VELAZQUEZ | : |
| 146. | JOHN WATYCHA | : |
| 147. | ANN WILLET | : |
| 148. | JAMES WRIGHT | : |
| 149. | MARK YANONIS | : |
| 150. | CHRIS ZEZENSKI | : |
| | | : |
| | Plaintiffs | : |
| | | : |
| | vs. | : |
| | | : |
| THE UNITED STATES POSTAL SERVICE, | | : |
| 475 L'Enfant Plaza SW | | : |
| Washington DC 20260-0010 | | : |
| | | : |
| | Defendant | : |

## CIVIL ACTION COMPLAINT

### Preliminary Statement

1. The supervisors of the Reading area post offices routinely, systematically and over an extended period of time stole wages from the Plaintiffs, who are letter carriers in the Reading area. Defendants regularly manipulated, changed and reduced the time-clock records of the Plaintiffs after the fact. In so doing, they also eliminated or reduced Plaintiffs' eligibility for "penalty overtime" thereby stealing even more wages. Plaintiffs seek to recover from defendants back pay, liquidated damages, interest, attorney's fees and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*, (hereinafter "FLSA").

### Parties

2. The individual plaintiffs identified in the caption of plaintiffs' Complaint, and other persons similarly situated, are all present or former employees of the Defendant within the meaning of §3(e) of FLSA, 29 U.S.C. §203(e)(2)(B) and each has consented to be a plaintiff in the within matter as evidenced by a signed consent form attached hereto.

3.  Attached to Plaintiffs' Complaint are Plaintiffs' signed individual consents to be included as parties to this action.

4.  The individual Plaintiffs and others similarly situated are or have been employed by Defendant during pay periods from 2004 to date.

5.  Defendant United States Postal Service is an entity that was created by the Congress of the United States, which has the primary purpose of the delivery of mail in the United States. The supervisors referred to throughout this complaint are also employees of the Defendant and, at all times relevant to this complaint, were acting within the scope of their employment with the Defendant.

### Jurisdiction

6.  This Court has jurisdiction over plaintiffs' claims under the FLSA, 29 U.S.C. §216(b) and the "Little Tucker" Act, 28 U.S.C. § 1346(a)(2), in that the claims of each Plaintiff does not exceed ten thousand dollars ($10,000.00).

7.  Venue lies in this Court pursuant to 28 U.S.C. §1391(b) and 28 U.S.C. §1402(a)(1).

### General Allegations

8.  The Plaintiffs are, or have been, employees of the United States Postal Service and have been paid on an hourly basis.

9.  The number of hours worked by each Plaintiff was maintained by an electronic time keeping system in which each Plaintiff would check in when he or she began their daily work and would check out when they have concluded their daily work.

10. Each of the Plaintiffs was paid an hourly rate and was paid at a time and one-half rate when each Plaintiff worked overtime, which was in excess of eight hours and up to ten hours, and at a double overtime rate when he or she worked penalty overtime, which was greater than ten hours in a particular day.

11. The supervisors of these Plaintiffs, acting within the scope of their employment with the Defendant, intentionally and deliberately deleted parts of the hours worked by each Plaintiff by specifically deleting time worked in each Plaintiff's electronically maintained record of hours that each Plaintiff worked.

12. There was no authority or basis for the supervisors of the Plaintiffs to make these deletions and it resulted in the Defendant paying less wages to these Plaintiffs than they were otherwise entitled to.

13. The Office of Inspector General of the Defendants investigated at least some of the allegations contained herein and concluded that these supervisors had deliberately falsified the records of Plaintiffs on a systematic basis over a period of at least one year.  A copy of the report of the Inspector General without exhibits, is attached to this Complaint as Exhibit "A."

## Violations of the FLSA

14. Plaintiffs incorporate all prior paragraphs hereof as if set forth at length below.

15. The Defendant violated the FLSA by failing to pay the Plaintiffs the fair wages they were entitled to based on the hours they worked at regular time, overtime, double time and 'penalty' time.

16. The Defendant's failure to pay the Plaintiffs the wages they were entitled to was willful and intentional and designed to help keep the Defendant within budgetary restrictions. The said deletions were done by supervisors of the Plaintiffs and others similarly situated.

17. Based on the conduct of the Defendant, the Plaintiffs seek damages for the unpaid wages, an equal amount representing liquidated damages and as allowed under 29 U.S.C. Sec. 216(b), interest, attorney's fees and costs under 29 U.S.C. Sec. 216(b).

18.     Employment, time, work, pay, leave and other records for each individual Plaintiff and others similarly situated are in the possession, control, and custody of Defendants and their officers and agents, and Plaintiffs are unable to state at this time the exact amounts of pay, benefits, liquidated damages and interest which are due and owing to each of them with respect to their individual claims. Defendants and their officers and agents are under a duty imposed by § 11(c) of FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to plaintiffs and others similarly situated from which the amounts of defendants' liability may be determined.

### **Prayer for Relief**

WHEREFORE, the Plaintiffs ask that this Court permanently enjoin the Defendant from this conduct outlined in this complaint, award damages as indicated in this complaint, award attorney's fees and cases expenses and costs as this honorable Court deems appropriate and request a jury trial, and more particularly:

A.     Order defendants, subject to rules and regulations to be established by this Court which conform with FLSA, to conduct a full, complete and accurate accounting of all back overtime pay, interest and liquidated damages due and owing to plaintiffs and others similarly situated as is sought herein from 2004 to a date which is not more than 30 days before the date on which the judgment herein is paid; and

B.     Award plaintiffs and other similarly situated persons such back pay, liquidated damages and interest from the date of the denial of such pay and other compensation until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to them by defendants under applicable laws and regulations; and

C.	Award plaintiffs' counsel reasonable attorney's fees to be paid by the defendant under FLSA; and

D.	Grant to plaintiffs such other relief as may be just and proper.

_____
HAROLD M. GOLDNER, ESQUIRE
Pennsylvania Attorney I.D. 32367
Counsel for Plaintiff
One Belmont Avenue, Suite 703
Bala Cynwyd, PA  19004
(610) 664-7090
Fax (610) 664-7094

Date:	September 4, 2008